## No. 18,265.

JOHN L. ARMBECK *v.* PEOPLE OF THE STATE OF COLORADO.
(313 P. [2d] 715)

Decided July 22, 1957.

Mr. WILLIAM C. WILSON, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THE attorney general on behalf of the people has filed a "Motion to Dismiss Writ of Error" on the ground that no abstract of record and no assignments of error have been filed in this court or served upon the people in accordance with the rules governing criminal procedure; further, that the alleged brief of Armbeck concedes there was no error in the trial and only urges that the sentence imposed was too severe and should be reduced.

The record before us shows that Armbeck and one Castro were apprehended at about 11:00 p.m. on August 21, 1956, being unlawfully within a store building in Jefferson County, Colorado, and that the driver of an automobile in which they arrived and in which they intended to depart was also arrested. Castro later gave a written confession confirming that the three charged with burglary had planned to burglarize a store to get money. Armbeck did not confess the crime, went to trial and after introduction of Castro's confession, changed his plea to one of guilty of burglary. A second count of conspiracy to commit the crime was dismissed. Armbeck was advised of his rights and the consequences of his plea of guilty by the court, and was at all times during the trial represented by counsel. Pre-sentence investigation was made and considered by the court, whereupon this defendant was sentenced to not less than six nor more than eight years in the state penitentiary. Counsel for Armbeck urges that his client should be treated more leniently for various reasons connected with his lack of family upbringing, and that this case be remanded "back to the District Court of Jefferson County for reduction of sentence or for placement on probation."

The record before us does not comply with the Rules of Criminal Procedure as the attorney general has demonstrated, hence the writ of error should be dismissed. Even if we were constrained to disregard the rules in order to assure that Armbeck had a fair trial and that the sentence was proper, an examination of this record indicates no prejudice to this defendant. As to the sentence, it is a matter solely within the discretion of the trial judge and is well within the statutory limits provided. C.R.S. '53, 39-12-1 and 40-3-6.

The Writ of Error is dismissed.